IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE S. SHANE )
)
    Plaintiff, )
)
 -vs- ) Civil Action No. 18-284
)
NANCY A. BERRYHILL, )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Melanie S. Shane ("Shane") seeks judicial review of the Social Security Administration's denial of her claim for a period of disability[1] and disability insurance benefits ("DIB"). She alleges disability beginning on February 1, 2013. (R. 10)[2] Before the Court are the parties' cross-motions for summary judgment. *See* ECF Docket Nos. 10 and 12. For the following reasons, the ALJ's decision is affirmed.

### Opinion

1. Standard of Review

Judicial review of the Commissioner's final decisions on disability claims is provided by statute. 42 U.S.C. §§ 405(g)6 and 1383(c)(3)(7). Section 405(g) permits a district

---

[1] The ALJ concluded that Shane meets the insured status requirements of the SSA through September 30, 2016. (R. 10)
[2] Shane initially alleged a disability beginning on March 12, 2011 but amended her onset date to February 1, 2013. (R. 10)

1

court to review the transcripts and records upon which a determination of the Commissioner is based, and the court will review the record as a whole. *See* 5 U.S.C. § 706. When reviewing a decision, the district court's role is limited to determining whether the record contains substantial evidence to support an ALJ's findings of fact. *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979); *Richardson*, 402 U.S. at 390, 91 S. Ct. 1420.

Importantly, a district court cannot conduct a *de novo* review of the Commissioner's decision, or re-weigh the evidence of record; the court can only judge the propriety of the decision with reference to the grounds invoked by the Commissioner when the decision was rendered. *Palmer v. Apfel*, 995 F.Supp. 549, 552 (E.D. Pa. 1998); *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-7, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). Otherwise stated, "I may not weigh the evidence or substitute my own

conclusion for that of the ALJ. I must defer to the ALJ's evaluation of evidence, assessment of the credibility of witnesses, and reconciliation of conflicting expert opinions. If the ALJ's findings of fact are supported by substantial evidence, I am bound by those findings, even if I would have decided the factual inquiry differently." *Brunson v. Astrue*, 2011 WL 2036692, 2011 U.S. Dist. LEXIS 55457 (E.D. Pa. Apr. 14, 2011) (citations omitted).

II. <u>The ALJ's Decision</u>

As stated above, the ALJ denied Shane's claim for benefits. More specifically, at step one of the five step analysis, the ALJ found that Shane had not engaged in substantial gainful activity since the application date. (R. 12) At step two, the ALJ concluded that Shane suffers from the following severe impairments: lumbar spondylosis, lumbar radiculitis, neuralgia, fibromyalgia, chronic pain syndrome, migraine headaches, an episodic mood disorder NOS, a bipolar disorder, a generalized anxiety disorder, a posttraumatic stress disorder, a panic disorder with agoraphobia, a borderline personality disorder, and a history of cocaine abuse. (R. 12-14) At step three, the ALJ concluded that Shane does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 14-16) Between steps three and four, the ALJ found that Shane has the residual functional capacity ("RFC") to perform light work with some restrictions. (R. 16-22) At step four, the ALJ found that Shane is unable to perform her past relevant work as a nursing home cook and / or a restaurant cook. (R. 22) Ultimately, at the fifth step of the analysis, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Shane can perform. (R. 23)

III. Discussion

Shane's brief is largely devoted to detailing the evidence (and case law) which she contends supports a finding of disability.[3] This is the wrong standard. The:

> question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's findings…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y. of Health & Human Servs.*, 48 F.3d 114, 117 (3d Cir. 1995) (*citing, Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's findings, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart*, 326 F.3d 376, 379 (3d Cir. 2003).

*Hundley v. Colvin*, 2016 WL 6647913, * 2 (W.D. Pa. Nov. 10, 2016) (citations omitted). To the extent that Shane's brief simply regurgitates evidence, or cites to case law, supporting a claim for disability, I find it to be unpersuasive.

Similarly, Shane's vague contentions that the ALJ failed to consider limitations caused by non-severe restrictions (*see* ECF Docket No. 11, p. 8-9) are not compelling either. Certainly, "the RFC must consider all functional limitations, including mild limitations that the ALJ has previously determined to be non-severe." *Zapata-Alvarez v. Colvin*, Civ. No. 14-2830, 2015 WL 5179477, at * 7 (E.D. Pa. Sept. 4, 2015). *See also Brown v. Astrue*, 2010 WL 4455825, at * 4 (E.D. Pa. Nov. 4, 2010 ("Functional limitations caused by all impairments, whether found to be severe or non-severe at step two, must be taken into consideration at steps three, four and five of the sequential

---

[3] Shane's brief is difficult to discern in general. Significant portions of the brief are devoted to footnotes which consist of citations to medical records. Additionally, the body of Shane's brief contains general legal conclusions. For instance, Shane avers that "[p]ursuant to SSR 96-7p … the ALJ further failed to properly consider factors in evaluating Plaintiff's symptoms and testimony, as he [sic] ALJ mischaracterized evidence of record." *See* ECF Docket No. 11, p. 16. Shane does not then explain in what manner the ALJ mischaracterized the record or what "factors" he failed to properly consider. Rather, in the footnote Shane states, "[i]n supporting his credibility findings, however, the ALJ made certain erroneous statements – and reached some questionable conclusions – regarding the evidence of record." *Id*., n. 27. Again, there is no discussion of how the ALJ mischaracterized the record. I decline to address the numerous "issues" that Shane raises without any meaningful development.

evaluation."). Shane references many of her conditions, such as endometriosis, diverticulosis, neuropathy and radiculopathy, yet does not explain how any of these conditions give rise to functional limitations. It is not enough to be diagnosed with a condition or even to receive treatment for a condition in connection with an impairment. "[T]he outcome of a case depends on the demonstration of functional limitations rather than a diagnosis…." *Mahoski-Ciarla v. Berryhill*, Civ. No. 17-425, 2017 WL 4698091, at * 10 (M.D. Pa. Oct. 19, 2017) Here, Shane has not identified any functional limitations. As such, I find no error with the ALJ's decision in this regard.

Shane also faults the ALJ for his evaluation of her fibromyalgia. As with her other contentions, it is somewhat difficult to understand the nature of Shane's specific objection. For instance, Shane urges that "the ALJ failed to conduct a proper evaluation of Plaintiff's fibromyalgia condition, as fibromyalgia requires a different evaluation." *See* ECF Docket No. 11, p. 10. Shane cites to SSR 12-2p in support of this statement. Social Security Ruling 12-2p was designed to provide "guidance on how we develop evidence to establish that a person has a medically determinable impairment (MDI) of fibromyalgia (FM), and how we evaluate FM disability claims and continuing disability reviews under titles II and XVI of the Social Security Act." SSR 12-2p, 2012 WL 3104869 (Jul. 25, 2012). The regulation provides certain criteria for the finding of a medically determinable impairment of fibromyalgia then states that, once an impairment is established, the ALJ engages in the five-step sequential analysis. That is, "we consider the severity of the impairment, whether the impairment medically equals the requirements of a listed impairment, and whether the impairment prevents the person from doing his or her past relevant work or other work that exists in significant numbers

5

in the national economy." SSR 12-2p. Here, however, the ALJ found that Shane *does* suffer from fibromyalgia and that it *does* constitute a severe impairment. (R. 12) As such, I find that the ALJ complied with SSR 12-2p. *See Thompson v. Colvin*, 575 Fed. Appx. 668, 677 (7th Cir. 2014) (rejecting a claimant's contention that the ALJ's decision required remand because he failed to consider SSR 12-2p, stating that "a remand is unnecessary because the ALJ accepted Thompson's diagnosis of fibromyalgia as a severe physical impairment that limits her functional capacity.") (citations omitted); *see also, Rivera v. Comm'r. of Soc. Sec.*, Civ. No. 15-1088, 2016 WL 4718143, *4 (D. N.J. Sept. 9, 2016) (stating that "SSR 12-2p has no bearing on the ALJ's decision in the instant case" because SSR 12-2p is designed to provide guidance on how to develop evidence to establish whether a claimant has a medically determinable impairment of fibromyalgia and the ALJ concluded that plaintiff's fibromyalgia was a severe impairment); *DeJesus v. Berryhill*, Civ. No. 16-1061, 2017 WL 1847355, * 8 (E.D. Pa. March 21, 2017) (rejecting an argument that the ALJ failed to properly apply SSR 12-2p where the ALJ found that the claimant's fibromyalgia was a medically determinable impairment and then engaged in the five step sequential evaluation process); and *Acker v. Colvin*, Civ. No. 15-1319, 2016 WL 6826165, at * 10 (M.D. Pa. Nov. 18, 2016) (rejecting claimant's contention that the ALJ failed to consider SSR 12-2p because the ALJ found fibromyalgia to constitute a "severe impairment.") Here, it is clear that the ALJ considered Shane's fibromyalgia at each of the five steps of the sequential analysis. Shane's argument in this regard therefore is unpersuasive.[4]

---

[4] If Shane is arguing that the ALJ failed to engage in a thorough analysis of her fibromyalgia, again, I disagree. The ALJ reviewed the evidence of record, referencing exams by Dr. Khanna, Dr. Robertson, Dr. Gatumu, Dr. Roslonski and Dr. Ghate. (R. 18) He considered the absence of joint crepitation, the absence of pain with motion and no hip knee or ankle instability as well as the absence of spasticity and tremors, joint pain, joint swelling, muscle pain,

To the extent that Shane's contention is based upon the weight the ALJ gave to Dr. Robertson's statement that Shane is unable to work, again, I remain unconvinced. Describing Robertson's comments as an "opinion" is something of a misnomer. Robertson writes the following:

> Ms. Melanie Shane is currently unable to work due to problems with fibromyalgia. She has chronic pain in multiple body areas. We have been seeing her for this problem since May 14, 2015. At this time we are again adjusting her medication and have referred her to a pain management specialist. She had surgery in February which delayed this referral. Hopefully, with the adjustments in medication and additional therapies she will be able to look for employment by the end of September.

(R. 701) This "opinion" does not describe any functional limitations associated with Shane's fibromyalgia.[5] "Plaintiff must establish that her alleged impairments result in functional limitations so severe that they preclude her from engaging in any substantial gainful activity." Calhoun v. Colvin, Civ. No. 1-5220, 2015 WL 6164046, * 8 (E.D. Pa. Sept. 16, 1015), citing, Dupkunis v. Celebrezze, 323 F.2d 380 (3d Cir. 1963) and Gardner v. Richardson, 383 F. Supp. 1 (E.D. Pa. 1974). See Stockett v. Comm'r. of Soc. Sec., 216 F. Supp.3d 440, 462 (D.N.J. 2016) (finding no fault with the ALJ's decision to give the physician's diagnosis of fibromyalgia only "some weight" where the physician "did not opine that Plaintiff's fibromyalgia caused any functional or work-limited limitations"). "[I]t is not the fact that Plaintiff has been diagnosed with

---

limitation of motion, muscular weakness or muscle cramps. (R. 18) He also noted that "no medical source of record has noted that presence of persistent fibromyalgia trigger / tender points on physical examination (Exhibits 1F-21F)." (R. 18) The ALJ also considered Shane's activities of daily living, finding that Shane cares for her personal needs and "that she is able to perform household chores with some assistance such as cooking, cleaning, washing dishes, shopping, doing laundry and paying bills." (R. 19) Shane cites to medical records in support of her claim that fibromyalgia is a disabling condition, but a district court cannot conduct a de novo review of the Commissioner's decision or re-weigh the evidence of record. I must determine whether substantial evidence supports the ALJ's decision. Here, it does.

[5] In fact, Robertson suggests that the inability to work may be temporary in nature, given her reference to the potential for employment within six months. (R. 701)

7

fibromyalgia, but the functional limitations caused by her condition that is relevant." *Galliaher v. Astrue*, Civ. No. 12-689, 2013 WL 12107669, at * 1, n. 1 (W.D. Pa. Mar. 25, 2013), *citing, Orbin v. Barnhart*, 38 Fed. Appx. 822 (3d Cir. 2002) and *Craig v. Astrue*, 2013 WL 322516 (W.D. Pa. Jan. 28, 2013). As such, I find no error in the ALJ's decision to accord Robertson's opinion "little weight" because "Dr. Robertson failed to complete a function-by-function analysis of the claimant's ability to perform work-related activities and her opinion that the claimant is unable to work is an issue reserved to the Commissioner." (R. 20)[6]

Further, Robertson offers nothing more than a legal conclusion that Shane is disabled. As the ALJ noted, this is an issue reserved for the Commissioner. An ALJ is not required to give any deference to Robertson's opinion in this regard. *See* 20 C.F.R. §404.1527(d)(1), (3). *See also, Alston v. Astrue*, Civ. No. 10-839, 2011 WL 4737605, * 5 (W.D. Pa. Oct. 5, 2011) and *Gore v. Colvin*, Civ. No. 13-2151, 2014 WL 4796482, * 7 (M.D. Pa. Sept. 26, 2014) (finding that the ALJ properly afforded less weight to the examining physician's opinion where that physician did not render "any analysis of Gore's functional limitations" and where the opinion "consisted of a conclusory assertion that Gore was totally disabled" because "'[o]pinions on some issues, such as [a statement by a medical source that an individual is unable to work], are not medical opinions … but are, instead, opinions on issues reserved to the Commissioner…" 20 C.F.R. § 404.1527(d).") Consequently, I find no error in the ALJ's decision in this regard.

---

[6] For this reason, I do not find Shane's reference to *Chandler v. Comm'r. of Soc. Sec.*, 667 F.3d 356, 362 (3d Cir. 2011) to be on point. Robertson's letter did not contain any functional limitations. As such, the ALJ was not "substituting" his own judgment for that of a physician's. It is Plaintiff's burden to establish functional limitations. As stated above, Shane did not proffer any medical opinions articulating any functional limitations. Nonetheless, the ALJ did find that some limitations were appropriate. (R. 16) Given the unique facts of this case, I find it to be one in which a medical opinion is not required to support the RFC.

8

Shane also includes one-sentence urging that "the ALJ minimized Plaintiff's headaches, yet she had both migraine and tension headaches frequently and with limiting effects, and are not accounted for in the RFC." *See* ECF Docket No. 11, p. 15. Shane does not explain how the ALJ's decision is deficient with respect to consideration of her headaches. Rather, she simply includes a footnote, citing medical evidence supporting her contention that she suffers from headaches. I decline to consider this argument as it is undeveloped. "[I]t is not the responsibility of the Court to construct or develop arguments for a party; therefore, this argument fails, and we will address it no further." *Miranda v. Berryhill*, Civ. No. 18-55, 2018 WL 7001904, * 8 (M.D. Pa. Dec. 4, 2018) (*citing, Loewen v. Berryhill*, 707 Fed. Appx. 907, 908 (9th Cir. 2003) (memorandum opinion) (*citing Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir. 2008) (the court does not need to address arguments that were made without specificity); *Indep. Towers of Wash v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (the court cannot construct arguments for an appellant, and it will only examine issues specifically and distinctly argued in an appellant's brief)).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MELANIE S. SHANE,  )
    Plaintiff,  )
      )
  -vs-  )  Civil Action No. 18-284
      )
NANCY A. BERRYHILL,  )
ACTING COMMISSIONER OF SOCIAL  )
SECURITY,  )
      )
    Defendant.  )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 8th day of March, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is hereby ORDERED that the ALJ's decision is AFFIRMED. It is further ORDERED that the Plaintiff's Motion for Summary Judgment (Docket No. 10) is DENIED and the Defendant's Motion for Summary Judgment (Docket No. 12) is GRANTED.

                BY THE COURT:

                /s/ Donetta W. Ambrose
                Donetta W. Ambrose
                United States Senior District Judge